IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-0151-WS |
| | ) | |
| VALENTIN MARTINEZ-ORNELAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant's Motion Requesting Relief Under Fast-Track Program (doc. 39).

On December 20, 2007, defendant Valentin Martinez-Ornelas entered a guilty plea to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. (*See* doc. 29.) On June 3, 2008, the undersigned sentenced Martinez-Ornelas to a term of imprisonment of 188 months. (*See* doc. 38.) Martinez-Ornelas pursued neither a direct appeal nor a § 2255 petition.

Now, however, Martinez-Ornelas claims a right to a "fast-track sentencing discount" based on a memorandum issued by U.S. Department of Justice Deputy Attorney General James M. Cole to United States Attorneys dated January 31, 2012. Defendant argues that he was never given a "fast-track discount" at the time of his original sentence and asks that his sentence be reviewed "to level the playing field and even the disparity in sentencing with those who have benefitted from fast-track discounts." (Doc. 39, at 4.)

Martinez-Ornelas's Motion fails for a host of reasons. First, no "fast-track" program has been implemented in this judicial district for controlled substance offenses. Second, defendant cannot parlay the January 2012 Department of Justice memorandum into a basis for sentencing relief, inasmuch as that memorandum does nothing more than set forth internal DOJ policy. It

does not create any legal rights for Martinez-Ornelas or anyone else.[1]  Third, the notion that Martinez-Ornelas is entitled to review of his sentence to "level the playing field" or reduce disparities between non-fast-track sentences and fast-track sentences has been rejected repeatedly by the Eleventh Circuit.  *See United States v. Vega-Castillo*, 540 F.3d 1235 (11th Cir. 2008) (reiterating previous holdings that "a [sentencing] court may not consider sentencing disparities associated with early disposition programs in imposing sentence" ) (citations omitted).[2]  Fourth, and more fundamentally, this Court is not empowered to modify his sentence at this time – more than three and a half years after the fact – to take into account the considerations raised in the Motion.  "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); 18 U.S.C. § 3582(c) ("[t]he court may not modify a term of imprisonment once it has been imposed except" in the enumerated circumstances).  None of those narrowly limited circumstances for modification under § 3582 are present here.

For all of these reasons, defendant's Motion Requesting Relief under Fast-Track Program (doc. 39) is **denied**.

DONE and ORDERED this 29th day of February, 2012.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]   On its face, the memorandum clearly forbids its use for the purpose attempted by Martinez-Ornelas.  The memo states that "[i]t is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal."

[2]   *See also United States v. Martinez-Gonzalez*, 663 F.3d 1305, 1311 n.3 (11th Cir. 2011) ("In a footnote, Martinez-Gonzalez engages in a lengthy discussion of the disparity of sentences between criminal aliens inside and outside of 'fast-track' jurisdiction. … [H]owever, any claim regarding this disparity is squarely foreclosed by our decision in *United States v. Vega-Castillo*"); *United States v. Mendez-Tomas*, 2011 WL 4448637, *2 n.1 (11th Cir. Sept. 27, 2011) (under *Vega-Castillo*, "the district court properly refused to consider the disparity between fast-track and non-fast-track sentencing disparities in imposing sentence").